# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Barbara Stuart Robinson,<br><br>Plaintiff,<br><br>v.<br><br>Las Vegas Metropolitan Police Department,<br><br>Defendant. | Case No. 2:21-cv-01074-RFB-DJA<br><br>**Order** |

Before the Court is Defendant's motion to stay discovery. (ECF No. 19). Plaintiff—proceeding *pro se*—did not file a response. Because the Court finds that Defendant has carried its burden of demonstrating that discovery should be stayed, it grants the motion. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

In her amended complaint, Plaintiff asserts that, after she called police to a local convenience store, one officer arrived "looked at [her] black face and told [her] to leave the property never even asking for a name" and then walked past her into the convenience store. (ECF No. 9). Plaintiff alleges that the officer "disregard[ed] witnesses and circumstances" based on her race. (*Id.*). From these facts alone, Plaintiff alleges violations of various statutes including: (1) NRS 233.010, a declaration of Nevada's public policy as it relates to obtaining housing and employment without discrimination; (2) NRS 233.160, outlining the process of filing complaints with the Equal Housing Commission about discriminatory practices in housing and employment; (3) NRS 281A, which outlines ethics in government; (4) 42 U.S.C. § 1983, which provides a path for private enforcement of substantive constitutional rights against a defendant acting under color of state law; (5) Public Law 88-352 and 78 Stat. 241 which broadly refer to the Civil Rights Act of 1964; and (6) 18 U.S.C. § 242, which provides a criminal—not a civil—cause

of action. (*Id.*). Plaintiff also appears to assert trespass and intentional or negligent infliction of emotional distress. (*Id.*).

Defendant moved to stay discovery. (ECF No. 19). It argued that its pending motion to dismiss would be completely dispositive of the action, that no additional discovery is necessary to decide the motion to dismiss, and that its motion to dismiss has a high likelihood of success. (*Id.*). Plaintiff did not respond to Defendant's motion.

**II.    Discussion.**

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g.*, *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."). When deciding whether to issue a stay, a court must take a "preliminary

peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Finally, the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to granting the motion. LR 7-2(d).

After taking a preliminary peek at the pending motion to dismiss, the response to that motion, and the reply, the Court finds that Defendant has carried its heavy burden of establishing that discovery should be stayed. The issues before the Court in the pending motion to dismiss do not require further discovery as they have been fully briefed. And Plaintiff has not responded with any arguments that further discovery is needed. Further, the issues in the pending motions to dismiss are potentially dispositive of the entire case. The gravamen of Defendant's motion is that Plaintiff has failed to provide the factual basis for her claims and has asserted claims that are not applicable against the LVMPD. In taking its preliminary peek, the Court is not convinced that Plaintiff will overcome these arguments. Moreover, Plaintiff has not filed points and authorities in response to Defendant's motion, constituting her consent to the Court granting it. The Court thus finds that this is a case where a temporary stay of discovery will further the goal of judicial economy.

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 19) is **granted**.

DATED: November 4, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE