UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>Defendant. | Case No. 2:21-cv-01074-RFB-DJA<br><br>ORDER |

## I.   INTRODUCTION

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). ECF No. 25. For the reasons stated herein, the motion is GRANTED.

## II.   DISCUSSION

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Plaintiff, who is *pro se*, filed a complaint in the Eighth Judicial District Court of Clark County on May 1, 2021 that was then removed to this Court by Defendant. ECF No. 1-1. On January 12, 2022, the Court granted Defendant's Motion to Dismiss the First Amended Complaint without prejudice. ECF Nos. 23, 28. The Court allowed Plaintiff to file the SAC, focusing on her claim under 42 U.S.C § 1983. ECF No. 23.\

///

First, the SAC realleges Plaintiff's state law claims. The Court accordingly incorporates by reference its prior rulings from its January 12, 2022 hearing on Plaintiff's state law claims. In sum, the Court finds that on the facts alleged, Plaintiff has not adequately and specifically alleged a cognizable claim under the state statutes she references. Second, the SAC alleges a claim under § 1983 for a violation of her First Amendment right to peacefully assemble. The Constitution guarantees the "right to associate for the purpose of engaging in [] activities protected by the First Amendment." Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984). This includes the right to "assembly." Id. The SAC does not allege that Plaintiff was advocating a political, religious, or other viewpoint protected by the First Amendment when she was told by an LVMPD officer to leave the premises, following her 911 call for assistance. Third, the SAC alleges that she was discriminated against by a public accommodation because of her race in violation of Title II of the Civil Rights Act of 1964. See 42 U.S.C. § 2000a(a). Title II suits only provide injunctive relief, Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968), and Plaintiff is only seeking monetary relief for past harms. Lastly, the SAC alleges that Defendant abused its power in violation of 5 U.S.C. § 302 when the LVMPD officer told her to leave the premises because of her race. This statute, however, neither applies to state or local agencies nor creates a private right of action.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 25) is **GRANTED**. The Clerk of the Court is instructed to close this case.

.**DATED: September 16, 2022**.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**